UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------

CHRISTOPHER SANTACROCE,

                Plaintiff,

        -v-                                    8:17-CV-322

BANK OF AMERICA, NATIONAL
ASSOCIATION, SELENE LARISSA
JOYA, also known as John Doe, and
JOYA STAR LIFE INC, also known as
Flink Smith Star Lifeinc, also known as
John Doe Entity,

                Defendants.

-------------------------------------

APPEARANCES:                                  OF COUNSEL:

OFFICE OF JOEL A. SIEGEL             JOEL A. SIEGEL, ESQ.
Attorneys for Plaintiff
217 Broadway, Suite 707
New York, NY 10007

WILSON, ELSER LAW FIRM              ALEX J. CHASE, ESQ.
Attorneys for Defendant Bank of
   America, National Association
1133 Westchester Avenue
White Plains, NY 10604

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On July 29, 2016, defendant Selene Larissa Joya ("Joya" or the "hacker") tricked plaintiff Christopher Santacroce ("Santacroce" or "plaintiff"), who was trying to purchase some real estate in Lake Placid, New York, into wiring $284,000.00 (the "Funds") to a bank

account ending in 3719 at defendant Bank of America, National Association ("BANA") under the name of defendant Joya Star Life Inc. ("JSLI"). The hacker accomplished this feat by falsely portraying herself as Flink Smith Law LLC ("Flink Smith"), the firm representing plaintiff on his real estate transaction.

Santacroce and Flink Smith quickly discovered the fraud and reported it to plaintiff's own banking institution as well as the Federal Bureau of Investigation ("FBI"). Although JSLI and/or the hacker managed to withdraw approximately $18,000 of the Funds, BANA has frozen the balance of the Funds currently being held in JSLI's account: $265,985.

On March 20, 2017, Santacroce filed this civil suit seeking return of the Funds from BANA. Based on additional information provided by BANA, plaintiff amended his complaint to name JSLI and Joya as defendants on April 10, 2017. These additional defendants were served two days later, on April 12, 2017. Neither has answered the amended complaint. Plaintiff obtained entries of default against JSLI and the hacker from the Clerk of the Court on May 12, 2017.

On July 10, 2017, Santacroce moved under Federal Rule of Civil Procedure ("Rule") 55 seeking default judgment against JSLI and Joya. As relevant here, Rule 55

> provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention. In such circumstances Rule 55(a) empowers the clerk of the court to enter a default. The next step requires the plaintiff to seek a judgment by default under Rule 55(b).

Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011).

Upon review of his amended complaint as well as his motion papers and supporting documentation, Santacroce is entitled to the default judgment he seeks against JSLI and

- 2 -

Joya. However, as BANA points out in its own response to the motion, plaintiff's "only relief against BANA is the turnover of the funds presently blocked by BANA in the [ ] account as a result of [p]laintiff's claim." Chase Decl. ¶ 3.

Therefore, it is

ORDERED that

1. Santacroce's motion for a default judgment against defendants Joya Star Life Inc and Selene Larissa Joya is GRANTED;

2. The Clerk of the Court is directed to enter judgment in favor of Santacroce against defendants Joya Star Life Inc and Selene Larissa Joya in the amount of $284,000.00 plus the applicable rate of interest;

3. Defendant Bank of America, National Association is ORDERED to remit the remaining $265,985.00 balance of the Funds to Santacroce.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 10, 2017
       Utica, New York.